UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DONNELL RUSSELL,

                Plaintiff,

      -against-

ANNA L. KARAMINGOS, ANN M.
DONNELLY, and BREON PEACE

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-8099 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

*Pro se* plaintiff Donnell Russell, who is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, brings this *pro se* civil rights action against the prosecutors and judge who presided over his recent criminal proceeding in this Court. (Dkt. 1.) Solely for the purpose of this Memorandum & Order, the Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. 2.) For the reasons stated below, this action is hereby dismissed *sua sponte*.

## BACKGROUND

Plaintiff challenges his November 21, 2022 judgment of conviction on a single charge of Interstate Stalking. *See United States v. Russell*, No. 20-cr-427 (AMD), Dkt. 34. Plaintiff now argues that his conviction pursuant to his guilty plea violated his civil rights and requests his "immediate release from FCI Sandstone and vacature [*sic*] of my conviction." (Dkt. 1 at 5.) He also asks for release on bail "while the court/government sorts out the matters associated with my 2255 petition." (*Id.*) Plaintiff previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which remains pending. *See United States v. Russell*, No. 20-cr-427 (AMD), Dkt. 47; *see generally Russell v. United States*, No. 23-CV-6985 (AMD).

## STANDARD OF REVIEW

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

Plaintiff filed his action on a form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983 and alleges civil rights violations. However, when a litigant seeks to challenge his conviction or custody as violating his civil rights, he must rely on direct appeal from the conviction or a writ of habeas corpus and not on a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override

the general terms of § 1983."). A civil rights action is "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[1] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Fontil v. Abrams*, No. 23-CV-4875 (LTS), 2023 WL 3996664, at *2 (S.D.N.Y. June 14, 2023) (applying *Preiser* and *Wilkinson* to civil rights action challenging a federal conviction).

In this case, Plaintiff is directly challenging his confinement pursuant to his conviction, a conviction that has not previously been invalidated. Accordingly, Plaintiff's only avenues to challenge that conviction are though direct appeal or a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Plaintiff has already filed a habeas corpus petition, which remains pending.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend his complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purpose of this Memorandum & Order. Plaintiff's civil rights action challenging his conviction is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), without prejudice to the habeas corpus petition pending under Docket Numbers 20-cr-427 (AMD) and 23-CV-6985 (AMD).

---

[1] Moreover, to the extent that Plaintiff seeks to hold the judge and prosecutors liable for his conviction, these defendants would be immune from suits for damages related to actions taken in their judicial and prosecutorial capacities. *See Rehberg v. Paulk*, 566 U.S. 356, 363 (2012).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case and to mail a copy of this Order to Plaintiff.

          SO ORDERED.

          */s/ Pamela K. Chen*
          PAMELA K. CHEN
          United States District Judge

Dated: Brooklyn, New York
       November 6, 2023